Dana, C. J.
We all concur in opinion upon this point. In the case of Paul Lord, (7) which has been referred to, this objection was taken, and fully argued, on the trial. The counsel for the defendant proposed to take a special verdict; but as the facts were all before the Court, and they agreed in opinion upon the law, the jury were instructed that the indictment appeared to the Court to be well maintained by the evidence, if they found the facts true. They accordingly found a general verdict of guilty, and the point was not afterwards stirred. I recollect also another case, so long ago as when the late Judge Trowbridge was attorney-general. A man had been from this province into Rhode Island to purchase sheep. On his way home, while yet in their government, some other sheep joined his flock, and he drove them all into the county of Bristol, where he was indicted and convicted. Great mischiefs would follow from a contrary determination, which would also overthrow three solemn decisions of this Court, which are now remembered ; and I believe, if our records were searched, [*24]. many more * would be discovered. There have been many instances, I am satisfied, of persons who have stolen horses in the neighboring states, and, having been pursued and found in possession of them in this state, have been here indicted and convicted. The principle appears to me well established that, the original taking being felonious, every act of possession continued under it, by the thief, is a felonious taking; and wherever he carries the articles stolen, he may there be indicted, convicted, and punished, for the felony.
The oflfence chaz-ged on the defendant is the receiving the goods in Boston, knowing them to have been stolen. If the principal could be tried and convicted in this county, the accessory may be tried and convicted here also.
The same reason which authorizes a conviction, in the case of stealing goods.in one county and bringing them into another, applies, in my mind, to the case of stealing in one state and bringing them into another, — viz., that every moment’s felonious possession is, in contemplation of the law, a new taking, stealing, and carrying away.
Having respect, then, to principles, as well as to cases solemnly decided, I do not see sufficient ground for granting a new trial.(a)

New trial refused.

*31 Afterwards, the Attorney-General moved the Court for sentence against Andrews, and a question was made by his counsel, whether the award of treble of the value of the goods stolen should make a part of the sentence of the Court upon this conviction.
By statute passed March 15, 1785, entitled “ An Act for the Punishing and Preventing of Larcenies,” (8) it is enacted “ that if any person shall be convicted of the crime of theft, besides 'At punishment of fine and whipping, as aforesaid; he shall be sentenced to forfeit treble the value of the goods or other articles stolen, to the owner thereof; any of the articles stolen being returned, to be accounted part, according to their value. And if any such offender be unable to make restitution, or pay such treble damages, the justices of the Court before whom such conviction * is, may [ * 25 ] further sentence him to m.ake satisfaction to the person from whom such articles were stolen, by service, and he shall be, and hereby is, empoivered to dispose of the said convict in service, to any person whomsoever, for such term of time as shall be assigned by the same justices ; or they may sentence the said convict to hard labor for a- term of time not exceeding three years, to take place if the owner of the articles stolen doth not sell such convict in thirty days after a sentence therefor.'”
By sect. 9th of the same statute, “ It is further enacted, that whosoever shall comfort, aid, &fc., or procure any person to commit any of the offences hereinbefore described, or that shall knowingly buy or receive any such stolen goods, ¡je., shall be considered as accessory to the principal offender, and shall suffer like punishment as he might have received on a first conviction ; and in case the principal offender be not known or prosecuted, any person, committing any of the said crimes, lohereby he becomes an accessory, may be prosecuted for a misdemeanor, and on conviction shall suffer like punishment as the principal offender might have suffered, on a first conviction.”
The counsel for the prisoner contended, that the sentence in this case ought not to include the treble damages, as these are awarded to the party injured, as a compensation for his loss, and as an inducement to activity in prosecuting, and make no part of the punishment, which means personal suffering, as whipping, imprisonment, &c., and is rather to be considered as a satisfaction to the sovereign for the offence. This is “ beside ” the punishment, something added to it.
The 5th section of this statute directs that any person apprehended on a charge of theft, and admitted to bail, shall, besides recognizing to the commonwealth, also recognize with sureties to the party injured, for treble the value of the goods stolen. But *32 there is no such provision on the arrest of accessories or receivers, which there would have been, had the legislature intended they should be held to pay it.
If principal and accessory are both to pay, the party recovers six fold, instead of treble, his loss.
[ * 26 ] * By the 10th section of the statute, no person undei sentence for theft shall be held in prison for the treble value more than thirty days, unless the party injured will become bound to pay the expense of his support. But there is no such provision for an accessory or receiver, who, therefore, if liable to this sentence, must remain a prisoner for life, if the party whom he has injured does not incline to discharge him. It is observable that this section follows immediately after that which prescribes the punishment of accessories; and the principals only being mentioned in it, the inference is strong that the legislature did not intend to include the accessory in the provision for disposing in service, and so not in the payment of the treble damages.
If this is to be a part of the sentence, the receiver must be ordered to pay treble the value of the goods stolen, not of those received ; though he may perhaps not have received a thousandth part in value of the goods stolen.
Suppose the recognizance taken for these treble damages to be forfeited, and judgment recovered and satisfied ; or suppose them to have been voluntarily paid ; yet, if this is considered as part of the punishment inflicted for the offence, they must still make part of the sentence, the party will receive six-fold, instead of treble, the value of the goods, and the defendant will be without remedy.
Writs of scire facias, at the suit of the party injured, have been brought to recover these damages, and an action was brought and maintained against the sheriff of York for the escape of one held in prison for the treble damages only. These facts show that the right to these damages is vested in the party, and is no part of the punishment inflicted at the suit of the government.
Parker, J. Can the executive, by granting a pardon, release these damages?
Counsel for the prisoner. We say not, and that the legislature itself cannot divest the party of his right to them, which is in its nature precisely like a judgment obtained by a party in a civil suit.
They may be assigned or released by the party to whom [ * 27 ] they are awarded. If a pardon operates a release * of them, then here is a case where, contrary to our bill of rights, a subject may be deprived of his property without the judgment of his peers, or the law of the land.
For the government, it was argued that every part of the sentence *33 is a part of the punishment; and the Court are expressly enjoined to inflict the same punishment on the accessory as on the principal upon the first conviction.
The word “ beside ” is used here to connect the corporal punishment before mentioned with the payment of treble damages, as part of the same sentence; and not to separate and distinguish them from each other.
The statute passed in 1692, 4 W. & M. c. 6, has the same expressions in an inverted order. “ Every such offender shall forfeit treble the value, 8fc., and be further punished by fine or whipping.”
By another statute, passed in 1736, 10 G. 2, “ Any person convicted of a second theft above forty shillings, shall, besides paying treble the value, &fc., be set on the gallows, and be severely whipped.”
The statute of 1785 is a revision of these laws, and is new only in its provision for the conviction of the accessory, as for a misdemeanor, before or without the prosecution of the principal. This act was drawn up by one of the then justices of this Court, and has uniformly received the construction we contend for, from this Court, and from all the courts of inferior criminal jurisdiction in the state The case of one Fuller, in Bristol, and the case of Plumbach, in this county, are particularly recollected ; in both of which, the defendants were convicted as receivers, and sentenced to pay the treble damages.
If the convict is not disposed of by the party injured, within thirty days, the Court may sentence him to be confined to hard labor, in lieu of the service. Will it be said that this is no part of the punishment ?
As to the injured party’s receiving six-fold damages, the same thing happens where several persons are convicted of the same theft. Each of them is severally sentenced to pay the whole * treble value. But in case it has been once paid [ * 28 ] by the principal, it would not be awarded against the accessory.
The provision of law, for discharging the principal after the expiration of thirty days, has always been extended in practice to the accessory.
The writs of scire facias, mentioned by the defendant’s counsel, must have issued on the recognizances, and not on the sentence, as by that the convict must have been in prison until payment, or until he was otherwise delivered by law. The party injured has, without doubt, such an interest in the money awarded him, as may well entitle him to an action against the sheriff for an escape ; but this does not show it to be no part of the punishment inflicted for the offence.
*34 Receivers of stolen goods are frequently men of more ability foi payment than thieves, which makes it important that the part of the sentence we contend for should be extended to them.
That a pardon operates as a release of the treble damages, the Solicitor-General mentioned the case of one Rice, who was convicted, in this Court, of stealing from the Nantucket Bank. He was pardoned, and the Court held, after argument, that the treble damages, being part of the punishment, were remitted by the pardon.
For the prisoner, in reply. The Court will not hold themselves Dound by any decisions which may have been made without argument, if those decisions are now shown to be wrong, although they may have been acquiesced in,' by defendants unassisted by counsel, and followed for twenty years. In the case of the Bishop of London vs. Ffytche, in the House of Lords, May, 1783, respecting simoniftcal bonds, the House of Lords overruled the decisions of the Courts of King’s Bench and Common Pleas, which had uniformly prevailed for sixty years.
At common law, the party from whom goods were stolen could obtain no satisfaction for the injury he had sustained but by appeal, over which, it is well known, the king had no power. The statute 21 Hen. 8, c. 11, first gave the remedy on an indictment by enacting that prosecutors of indictments for goods stolen shall [' *29 ] have their writs of restitution, in the same * manner as on appeal — which shows that this was considered as no part of the punishment for the offence inflicted at the suit of the king.
The statute of Mass. 10 W. 3, c. 6, which was the first law made in this government against receivers of stolen goods, and which continued in force and operation until the act of March, 1785, orders restitution of the property stolen, and a forfeiture to the party injured of an equal amount in money ; and this complied with, the offender was discharged. If, indeed, he failed to do this, he was liable to be whipped. But this was intended merely as an inducement to the defendant to make the satisfaction, and thus operated only for tlw benefit of the prosecutor.
The opinion of t'm: Court was afterwards delivered by
Dana, C. J.
The question to be determined is, whether the ac cessory to a theft, convicted as a receiver of goods stolen, can be sentenced to pay treble damages to the owner of the goods.
By comparing the ninth with the first and third sections of the statute of March 15, 1785, it appears that the Court, at their dis cretion, may either sentence the principal thief to a fine or whip ping; but, in either case, cannot dispense with sentencing him to pay the treble damages to the owner of the article stolen. If, indeed, he be unable to pay the treble damages, it is at their discretion *35 whether they will sentence him to make satisfaction therefor by service, or to hard labor. If by service, he may then be sold by the owner, and shall be kept in prison thirty days only for that purpose, unless, &c. If to hard labor, he cannot be sold. The accessory shall suffer like punishment, such punishment as the principal offender might have suffered on a first conviction.
But it has been contended that the statute evidently distinguishes between punishment and sentence; that the fine, or whipping, are to be considered as constituting what the law contemplates as punishment, and that the treble damages are only n forfeiture to the owner; because the statute says, beside the punishment of fine and whipping, the convict shall be sentenced to forfeit or pay treble damages to the owner, and does not say * further punished, by [ *30 ] paying treble damages. This seems a mere play upon words. If ever there was a case to which the maxim of law is applicable, Qui hccret in litera, hceret in cortice, this seems such a one.
When I am able to conceive that sentencing a criminal to pay treble damages, and if he does not pay them, that he shall be liable to be sold in service, and to that end shall be held in prison thirty days, and, if not sold, cannot even then be discharged, if the party injured will give security to the keeper of the prison to pay and satisfy his charge and expense for supporting the convict, for the lime past and future, and when the Court might, instead thereof, sentence him directly to hard labor, (9) — when, I say, I am able to conceive that this cannot be called a punishment, or that each and every part of a sentence passed upon a convict is not a punishment inflicted upon him for his crime, — I may admit there is some force in the distinction which has been set up in this case.
But it has been further urged that, the provision of the statute for liberating the convict, if not sold at the expiration of thirty days, is expressly confined to the principal thief himself by the words “ that no person convicted of theft shall be held in prison on account of the treble value,” &c., and that if the accessory should be alike sentenced to pay treble damages, he can have no relief at the expiration of the thirty days, if not then sold, but may be held in prison for an indefinite term, even through life.
This argument struck my mind at first with some force, but on further deliberation I think there is very little in it; because, although the accessory is not expressly named in this clause, and •here is not a similar one respecting him, yet, as the statute expressly decíales he “ shall suffer the like punishment as the principal on his *36 first conviction,” so he cannot be made to suffer any other or greatei punishment, and therefore he shall be entitled to the same relief, and to every benefit or advantage, which the statute gives to the principal, or thief, without being specially provided for, as the thief [ * 31 ] is, by the statute. This appears *to me so rational and necessary a construction of the statute as entirely to remove the objection.
But it has been further objected that, as the principal must be sentenced to pay treble the value of all the goods stolen, if the accessory is, in all respects, to receive such or the like sentence or punishment as the principal, he must be liable to pay the value of all the goods stolen, though he may have received but a very small portion of them.
As, in the present case, no such difficulty arises, because the defendant stands convicted of receiving all the stolen goods, we shall not now give an opinion touching the case supposed, but wait till such a one comes before us for decision.
I see, then, no difficulty remaining in the case; and am therefore of opinion that the Court cannot dispense with sentencing the accessory to pay treble damages any more than they could the principal, were he convicted and to be sentenced at this time. If this part of the sentence were to be omitted, then, with no propriety could he be said to suffer the like or such punishment as the principal might have suffered, — that is, all the same pains, penalties, and forfeitures, — and he would escape that grievous one of being sold in servitude.
This opinion has been submitted to each member of the Court, and they unanimously agree in the opinion and the reasons of it. It is hoped, therefore, that the point will hereafter be at rest.
Vide statute 10 G. 1, c. 1, entitled, “An Act in addition to an Act against Receiving Stolen Goods,” &c.
The preamble states that the penalty provided in the original act, (10) viz., paying double the value, or being whipped not exceeding twenty stripes, has not only proved ineffectual to deter persons from the crime, but the party injured is often defeated of his just satisfaction by the offender’s avoiding to make satisfaction, by suffering corporal punishment.
It is therefore enacted that all persons offending against the said law, and thereof convicted, that shall not make restitution as *37 awarded, shall be ordered by the justices or court to make satisfaction by service, and be disposed of in like manner as is provided in case of theft, and be further punished by whipping, not exceeding twenty stripes, at the discretion of the court.

 York, June term, 1792.

 At the common law, a thief, who had stolen goods in Scotland or Ireland, could not be indicted in England, where he was taken with the goods.—2 Russell on Crimes, p. 176. — Rex vs. Anderson and Others, Carlisle Sum. Ass., 1763, and before the judges, Nov. 1763. — 2 East, P. C. c. 16, § 156, p. 772 —See Nightingale vs Adams, 1 Show. 91. — The law was altered by the act 13 Geo. 3, c. 31, § 4.

 Sect. 3.

 Vide sect. 10.

 10 Will. 3, c. 6.